1 | James A. Hennefer (SBN 059490)
HENNEFER & WOOD
2 | 425 California Street, 19th Floor
San Francisco, CA 94104-2296
3 | Telephone: (415) 421-6100
Facsimile:   (415) 421-1815
4 |
Attorneys for Plaintiffs
5 |
6 |
7 |
8 | IN THE UNITED STATES DISTRICT COURT
9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA
10 |
11 | COAST MARINE & INDUSTRIAL
SUPPLY, INC., a California Corporation;
12 | and OCEANS WEST MARINE &
INDUSTRIAL SUPPLY, INC., a California
13 | Corporation;
14 |                              Plaintiffs
15 |              vs.
16 | REVERE SUPPLY, INC., a Florida
Corporation; RFD BEAUFORT, LTD., a
17 | United Kingdom Company; and RFD
BEAUFORT, INC., an Ohio Corporation;
18 |
                             Defendants
19 | _____

CIVIL NO.

**COMPLAINT**

(1) Sherman Act (15 U.S.C. §§ 1 and 2)
(2) Code of Federal Regulations
        (46 CFR §§ 160.151-35 through 57)
(3) Declaratory Relief (28 U.S.C.§§ 2201-2)
(4) Cartwright Act
        (Calif. B&P Code §§ 16720, 16726-7)
(5) Unfair Business Practices
        (Calif. B&P Code §§ 17200 et seq.)
(6) Tortious Interference With Business
    Relations

**DEMAND FOR JURY TRIAL**

20
21
22
23
24
25
26
27
28

1

**Table of Contents**

2    I.      Nature of this Action  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

3    II.     Jurisdiction, Venue and Commerce  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

4    III.    The Parties  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

5            A.     Plaintiffs  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

6            B.     Defendants  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

7    IV.     Definitions  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

8    V.      The Relevant Markets  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

9            A.     Product Markets  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

10           B.     Geographic Markets  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

11   VI.     General Allegations Applicable to All Claims for Relief  . . . . . . . . . . . . . . . . .  12

12           A.     Background  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

13           B.     Certification Schools Monopoly  . . . . . . . . . . . . . . . . . . . . . . . . . .  13

14           C.     Competitive Alternatives  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

15   VII.    The Unlawful and Anticompetitive Conduct of Revere, RFD Ltd. and RFD Inc. . . . . . .  16

16           A.     Revere's Forcing of New Liferaft and OEM Parts Purchases  . . . . . . . . . .  16

17           B.     Refusal of Certification Training for RFD/Revere Brands  . . . . . . . . . . .  16

18           C.     Creation of Monopolies for Servicing  . . . . . . . . . . . . . . . . . . . . . . . . .  17

19           D.     Monopoly Leveraging and Tying of Supplies  . . . . . . . . . . . . . . . . . . . .  18

20   VIII.   Claims for Relief  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

21           A.     First Claim for Relief
                    (Against Revere, RFD Ltd. and RFD Inc.)
22                  Contracts Combinations and Conspiracies in Restraint of Trade
                    (Section 1 of the Sherman Act, 15 U.S.C. § 1)  . . . . . . . . . . . . . . . . . .  19
23
             B.     Second Claim for Relief
24                  (Against Revere, RFD Ltd. and RFD Inc.)
                    Exclusive Dealing Arrangements
25                  (Section 1 of the Sherman Act, 15 U.S.C. § 1)  . . . . . . . . . . . . . . . . . .  22

26           C.     Third Claim for Relief
                    (Against Revere)
27                  Per Se Tying
                    (Section 1 of the Sherman Act, 15 U.S.C. § 1)  . . . . . . . . . . . . . . . . . .  24

28

D.   Fourth Claim for Relief
      (Against Revere)
      Rule of Reason Tying
      (Section 1 of the Sherman Act, 15 U.S.C. § 1) . . . . . . . . . . . . . . . . . . . . . 26

E.   Fifth Claim for Relief
      (Against Revere, RFD Ltd. and RFD Inc.)
      Monopolization
      (Section 2 of the Sherman Act, 15 U.S.C. § 2) . . . . . . . . . . . . . . . . . . . . . 27

F.   Sixth Claim for Relief
      (Against Revere, RFD Ltd. and RFD Inc.)
      Attempted Monopolization
      (Section 2 of the Sherman Act, 15 U.S.C. § 2) . . . . . . . . . . . . . . . . . . . . . 29

G.   Seventh Claim for Relief
      (Against Revere, RFD Ltd. and RFD, Inc.)
      Violations of the Code of Federal Regulations
      (46 CFR §§ 160.151-1, et seq.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

H.   Eighth Claim for Relief
      (Against Revere, RFD Ltd. and RFD Inc.)
      Federal Declaratory Judgment Act
      (28 U.S.C. §§ 2201 et seq. and Fed. R. Civ. Proc. 57) . . . . . . . . . . . . . . 31

I.   Ninth Claim for Relief
      (Against Revere, RFD Ltd. and RFD Inc.)
      Cartwright Act
      (California Business & Professions Code §§ 16720, 16726 and 16727) . . 32

J.   Tenth Claim for Relief
      (Against Revere)
      Tortious Interference With Business Relations
      (State Statutory and Common Law ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

K.   Eleventh Claim For Relief
      (Against Revere)
      Unlawful, Unfair and Fraudulent Business Acts and Practices
      (California Business & Professions Code § 17200 et seq.) . . . . . . . . . . . 35

VIII.   Prayer for Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

DEMAND FOR JURY TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

COME NOW plaintiffs COAST MARINE & INDUSTRIAL SUPPLY, INC. ("COMAR") and OCEANS WEST MARINE & INDUSTRIAL SUPPLY, INC. ("Oceans West") by and through their undersigned counsel and, demanding a jury trial as to all issues triable by a jury, allege and state their complaint against defendants REVERE SUPPLY, INC. ("Revere"), RFD BEAUFORT, LTD. ("RFD Ltd.") and RFD BEAUFORT, INC. ("RFD Inc.") as follows:

I.   **Nature of this Action**

1.      This is an action brought by plaintiffs, which sell and provide certified service for commercial and leisure inflatable liferafts ("liferafts"), against defendants, which manufacture and distribute certain brands of liferafts and which have monopoly control over certification for servicing such liferafts.  The action involves misuse by defendants of a monopoly for servicing their brand of liferafts, which is granted by Title 46 of the Code of Federal Regulations.  This monopoly is being used to force plaintiffs and others into unwanted purchases of liferafts and other goods, all at supracompetitive prices.  It is also being used to foreclose markets from the competitive alternatives provided by plaintiffs and others for liferafts and other goods and to injure consumers of such liferafts and other goods through higher prices and less consumer choice.

2.      The United States Coast Guard, Department of Homeland Security ("Coast Guard") has prescribed regulations in the Code of Federal Regulations ("CFR") which require most vessels to have inflatable liferafts.  The CFR prescribes Coast Guard mandated standards, tests and procedures ("Coast Guard Regulations") for approval of liferafts and for their periodic inspection and repair at Coast Guard approved "stations" run by plaintiffs and others.

3.      The Coast Guard Regulations require each owner or operator wishing to service a particular manufacturer's brand of liferafts to meet certain application and inspection criteria, after which they become an "Approved Servicing Facility."  The Coast Guard, pursuant to the Coast Guard Regulations, has retained exclusive control over the certifying of any Approved Servicing Facility.  COMAR and Oceans West at all times relevant herein had Coast Guard Approved Servicing Facilities for the liferaft brands manufactured by defendants.

4.      The Coast Guard Regulations require each Approved Servicing Facility, like those of  plaintiffs COMAR and Oceans West, to employ at least one servicing technician ("Servicing

1  Technician") who has successfully completed the manufacturer's training course for that particular

2  brand of liferaft ("Certification Training").  The regulations require each Approved Servicing

3  Facility to affix an inspection sticker with the manufacturer's name and other information on each

4  liferaft container or valise for each liferaft it services ("Inspection Sticker").   They require each

5  Approved Servicing Facility to issue a certificate with the manufacturer's name and other

6  information to the liferaft owner for each liferaft it services  ("Owner Certificate").

7        5.       The Coast Guard Regulations require the manufacturer of a liferaft, like defendants

8  RFD Ltd., RFD Inc. and Revere, to have a training program for the certification and recertification

9  of Servicing Technicians ("Certification Training").  These Servicing Technicians  provide the

10 required periodic inspection, repairing, replacement of supplies and repacking of liferafts of that

11 manufacturer's brand ("Servicing").  The manufacturer is required by the Coast Guard Regulations

12 to issue a certificate of competence to each technician who has successfully completed

13 Certification Training ("Competence Certificate").  The Competence Certificate must be displayed

14 at the Approved Servicing Facility.

15       6.       Under the Coast Guard Regulations, only the manufacturer or the manufacturer's

16 designated agent may provide the Certification Training, Competence Certificates, Inspection

17 Stickers and Owner Certificates.

18       7.       Defendants RFD Ltd. and RFD Inc. are the manufacturers of RFD brand and

19 RFD/Revere brand liferafts.  They have  designated defendant Revere as their exclusive agent in

20 the United States and given Revere total control over providing Certification Training,

21 Competence Certificates, Inspection Stickers and Owner Certificates for these liferaft brands in the

22 United States, pursuant to the Coast Guard Regulations.

23       8.       Defendant Revere is the manufacturer of Revere brand liferafts.  Revere does not

24 actually manufacture the entire liferaft, but buys liferafts and liferaft hulls from other

25 manufacturers, including defendants RFD Ltd. and RFD Inc. as well as others, then assembles the

26 liferafts and puts the "Revere" brand on them.  Revere has total control over providing

27 Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for the

28 "Revere" liferaft brand in the United States, pursuant to the Coast Guard Regulations.

9.      Because of these requirements in the Coast Guard Regulations, defendants RFD Ltd., RFD Inc. and Revere have monopoly power over the markets for Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for three brands of liferafts, RFD, RFD/Revere and Revere brands (the "RFD/Revere Brands"). They provide the only possible competition for Certification Training for RFD/Revere Brands in the United States.  They have the exclusive right to issue the Competence Certificates for RFD/Revere Brands.  They have the exclusive right to issue Inspection Stickers and Owner Certificates for RFD/Revere Brands. Together they control 100% of the markets for Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands.

10.     Pursuant to 46 CFR § 160.151-21 "SOLAS A" and "SOLAS B" inflatable liferafts, in order to be recertified, must have certain supplies, including heaving lines, jack knifes,  bailers, sponges, sea anchors, paddles, tin-openers, first-aid kits, whistles, flares, electric torchs, radar reflectors, signaling mirrors, lifesaving signals, fishing tackle, food rations, drinking water, desalting apparatuses, drinking cups, survival instructions, action instructions, thermal protective aides, repair outfits, pumps or bellows and plugs for pressure relief valves ("Recertification Supplies").

11.     Some of these Recertification Supplies are sold by defendant Revere in competition with plaintiffs COMAR and Oceans West.  Recertification Supplies are sold as well by other competitors of Revere including Datrex, Inc. of Kinder, Louisiana ("Datrex") and Alexander-Ryan Marine & Safety Systems of Houston, Texas ("Alexander-Ryan").  Revere, through the use of its monopoly power over the markets for Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands, is able to charge supracompetitive prices for these Recertification Supplies and to foreclose competitors, including COMAR, Oceans West, Datrex and Alexander-Ryan, from selling these to servicers of RFD/Revere Brands of liferafts.

12.     Pursuant to 46 CFR § 160.151-25 "SOLAS A" and "SOLAS B" inflatable liferafts, in order to be recertified, must have additional equipment and parts specified by RFD Ltd., RFD Inc. and Revere, as manufacturers, which equipment and parts are shown in their approved drawings and covered in their servicing manual ("OEM Parts").   These OEM Parts are, or could be

available from RFD Ltd., RFD Inc. and Revere, as well as from other manufacturers of the OEM Parts and from some third parties. However, defendant Revere, with the agreement of RFD Ltd. and RFD Inc., has unlawfully conditioned its sale of Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands on the purchase of OEM Parts from Revere. Revere charges supracompetitive prices for these OEM Parts to Approved Servicing Facilities, some of whom compete directly with Revere for Servicing.

13.     Defendant Revere has also unlawfully conditioned its sale of Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands on Servicing Facilities buying quotas of new liferafts from Revere ("New Liferafts"). This conditioning has occurred even though the Coast Guard has found distribution of New Liferafts and Servicing of inflatable liferafts to be separate markets.

14.     Defendant Revere has required Approved Servicing Facilities for the RFD/Revere Brands to sign contracts, as a condition to being able to buy Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands in the United States, which contracts require that the servicing facilities purchase exclusively from Revere, at supracompetitive prices, Recertification Supplies and OEM Parts and that they purchase unwanted New Liferafts. Revere has thereby foreclosed competitors like COMAR and Oceans West, as well as Datrex, Alexander-Ryan and others, from selling Recertification Supplies to such Approved Servicing Stations. Revere has also foreclosed COMAR and Oceans West, as well as others, from selling OEM Parts. Revere has also foreclosed the sale of a substantial volume of New Liferafts to Approved Servicing Facilities.

15.     Defendants RFD Ltd. and RFD Inc. have entered into contracts and combinations with defendant Revere, which give Revere exclusive control over the sale of  Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands in the United States and which prevent their providing competition with Revere for these. This exclusive control has enabled defendant Revere to engage in the unlawful conditioning of the sale of such Certification Training, Competence Certificates, Inspection Stickers and Owner

///

Certificates for RFD/Revere Brands, on Approved Servicing Facilities purchasing Recertification Supplies, OEM Parts and New Liferafts at supracompetitive prices.

16.     The consequences of defendants RFD Ltd.'s, RFD Inc.'s and Revere's actions has been:  (a) to unreasonably foreclose competition for Recertification Supplies, OEM Parts and New Liferafts;  (b) to artificially raise, to supracompetitive levels, the prices for Recertification Supplies, OEM Parts and New Liferafts; (c) to decrease output of for Recertification Supplies, OEM Parts and New Liferafts; (d) to injure competition and consumers of Servicing for RFD/Revere Brands of liferafts, for Recertification Supplies and for OEM Parts for RFD/Revere Brands of liferafts in the United States.

17.     Plaintiffs COMAR and Oceans West compete with other Approved Servicing Facilities to provide Servicing for RFD/Revere Brands of liferafts.  Plaintiffs compete with defendant Revere for the sale of Recertification Supplies and New Liferafts.  As a result of the unlawful acts of defendants RFD Ltd., RFD Inc. and Revere: (a) plaintiffs have been foreclosed and are being foreclosed from competing for the sale of Servicing for RFD/Revere Brands of liferafts, for the sale of Recertification Supplies and for the sale of competing New Liferafts; (b) plaintiffs have paid supracompetitive prices for Certification Training, Competence Certificates, Inspection Stickers and Owners Certificates; and (c) plaintiffs have thereby been injured in their businesses and property.

18.     This action is brought pursuant to: (a) the Sherman Act and the Clayton Act, 15 U.S.C. § 1, *et seq.*; (b) the Code of Federal Regulations for the United States Coast Guard, 46 CFR § 160.151-1, et seq.; (c) the federal declaratory judgment provisions in 28 U.S.C. §§ 2201 et seq. and Fed. R. Civ. Proc. 57;  and, (d) state statutes and common laws.  It is brought against Revere, RFD Ltd. and RFD Inc. in order to obtain damages, declaratory relief and injunctive relief.

**II.     Jurisdiction, Venue and Commerce**

19.     The jurisdiction of this court is invoked and this action is instituted under the provisions of Sections 1331, 1332, 1337 and 1367 of Title 28, United States Code (28 U.S.C. §§ 1331, 1332, 1337 and 1367) and Sections 4, 12 and 16 of the Clayton Act (15 U.S.C. §§ 15, 22 and 26), based on federal question, diversity of citizenship, regulation of commerce and supplemental jurisdiction.

1  It is brought to declare the rights of plaintiffs, to recover damages sustained by plaintiffs as a result
2  of defendants' unlawful actions and to obtain injunctive relief.

3        20.    The matter in controversy exceeds the sum or value of $75,000, exclusive of interest
4  and costs.

5        21.    Venue is proper in the Northern District of California under Section 12 of the
6  Clayton Act (15 U.S. § 22) and under 28 U.S.C. § 1391 because defendants Revere, RFD Ltd. and
7  RFD Inc. transact business and are found within this District.

8        22.    Revere, RFD Ltd. and RFD Inc. have done and do substantial amounts of business
9  in the Northern District of California, including sales of New Liferafts, Recertification Supplies,
10  OEM Parts, Certification Training, Inspection Stickers and Owner Certificates.  Revere, RFD Ltd.
11  and RFD Inc., as hereinafter set forth, intentionally violated Sections 1 and 2 of the Sherman Act,
12  through acts which, in part, occurred in the Northern District of California and which have directly
13  injured plaintiffs in their trade and business.

14  **III.   The Parties**

15        **A.    Plaintiffs**

16        23.    Plaintiff Coast Marine and Industrial Supply, Inc. ("COMAR") is a corporation
17  organized and in good standing pursuant to the laws of the State of California, with its principal
18  place of business in San Francisco, California.  COMAR is a San Francisco-based marine supply
19  store.  It was started in 1946 by a North Beach family, the Salvarezzas, and was originally called
20  "Fisherman Supply."  It is now located in San Francisco at Fisherman's Wharf with an affiliate in
21  San Diego called "Oceans West," which is also owned by descendants of the Salvarezza family,
22  Bob and Alice Salvarezza.

23        24.    COMAR is a highly-respected company which sells and services numerous brands
24  of liferafts, including the RFD/Revere Brands and other brands that compete with these.   COMAR
25  developed the market for commercial liferafts in the San Francisco Bay area.  COMAR was the
26  first Coast Guard certified servicer in the San Francisco Bay area for many brands now under the
27  RFD Ltd. and RFD Inc. umbrella.  These include B.F. Goodrich, RFD, Beaufort, Elliott,
28  Crewsaver, ISSI and Revere.  In 1970 COMAR was first certified for B.F. Goodrich.  In 1976

COMAR was first certified for RFD.  In 1979 COMAR was first certified for Beaufort.  In 1989 COMAR was first certified for Elliott. In 1995 COMAR was first certified for Crewsaver.  In 1993 COMAR was first certified for RFD/Revere. COMAR has maintained its standing as a Coast Guard Approved Servicing Facility and its Coast Guard Certification Training for these brands since COMAR was first certified.

25.     COMAR was the first dealer to represent RFD, Beaufort, ISSI and RFD/Revere liferafts in the San Francisco Bay area.  From 1979 through the early 1990's COMAR was the sole RFD, Beaufort and Elliott liferaft sales and service facility in the San Francisco Bay area. Customers to whom COMAR has sold these rafts return to COMAR for service regularly and expect them to service such rafts.

26.     Plaintiff Oceans West Marine and Industrial Supply, Inc.  ("Oceans West") is a corporation organized and in good standing pursuant to the laws of the State of California, with its principal place of business in San Diego.  Oceans West is a marine supply store started in 1986.  Its president is Alice Salvarezza.  Oceans West sells and services numerous brands of liferafts, including the RFD/Revere Brands and other brands which compete with these.

**B.     Defendants**

27.     Defendant Revere Supply, Inc. ("Revere") is a corporation organized pursuant to the laws of the State of Florida, with its principal place of business in Jacksonville, Florida.   Revere is in the businesses of: (a) selling liferafts (which it buys or assembles from liferaft hulls, parts and supplies that it buys from others) to dealers or direct to end users; (b) servicing liferafts for end users; (c) selling Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands (which it obtains from RFD Ltd., or RFD Inc. employees) to Approved Servicing Facilities: (d) selling Recertification Supplies to Approved Servicing Facilities; and (e) selling OEM Parts for RFD/Revere Brands to Approved Servicing Facilities.  In 1992, defendant RFD Ltd. and Revere entered into a joint marketing agreement for the production and distribution of RFD/Revere Brands.  As a part of this agreement Revere obtained the exclusive rights to sell Certification Training, Inspection Stickers, Owner Certificates and OEM Parts for RFD/Revere Brands.

28.     Defendant RFD Beaufort, Ltd. ("RFD Ltd.") is a limited liability company which is, on information and belief, organized under the English Companies Act, with its principal place of business in Belfast, Northern Ireland.  RFD Ltd. is a conglomerate of many formerly independent liferaft manufacturing companies, including B.F.Goodrich, RFD, Beaufort, Elliott, Crewsaver and ISSI.  n information and belief, RFD Ltd. was acquired in 2004 by and is now part of a larger conglomerate group, the Survitec Group, based in Dunmurry, Northern Ireland.

29.     RFD Ltd. is in the business of manufacturing and selling life safety systems, primarily for marine use.  These include liferafts and parts for the servicing of such liferafts.  RFD Ltd is also in the business of selling training, retraining, inspection stickers and certificates for the servicing and certification of liferafts, including certification under the Coast Guard Regulations.  RFD Ltd is also in the business of selling OEM Parts for the servicing of liferafts.  RFD Ltd. sells its liferafts in the United States through exclusive agents, defendants Revere and RFD Inc.   RFD Ltd. also sells its training, retraining, inspection stickers and certificates in the United States through these exclusive agents, Revere and RFD Inc.   Revere has the exclusive agency in the United States from RFD Ltd. for the sale of Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands.

30.     Defendant RFD Beaufort, Inc. ("RFD Inc.") is a corporation organized pursuant to the laws of the State of Ohio, with its principal place of business in Sharon Center, Ohio.   RFD Inc., on information and belief, is a wholly owned subsidiary of RFD Ltd.  RFD Inc. is in the business of manufacturing and selling life safety systems in the United States, including liferafts and parts for servicing such liferafts.   RFD Inc. has the exclusive agency in the United States for certain RFD Ltd. liferafts and the parts, training, retraining, inspection stickers and certificates for these liferafts.  These include the B.F.Goodrich, Beaufort, ISSI, Elliott and Crewsaver.  RFD Inc., unlike Revere, does not condition the sales of training, retraining, inspection stickers and certificates for the brands of liferafts it controls in the United States on the purchase of Recertification Supplies, OEM Parts and New Liferafts.  However, for the RFD/Revere Brands, RFD Inc., at the insistence of RFD Ltd., allocates to Revere exclusivity for sales of Certification
///

1   Training, Competence Certificates, Inspection Stickers, Owner Certificates and OEM Parts for

2   RFD/Revere Brands to Revere.

3   **IV.   Definitions**

4           31.     "<u>Approved Servicing Facility</u>" means a Coast Guard approved facility or station

5   which has met the requirements and followed the procedures of 46 CFR §§ 160.151-41, 160.151-

6   43 and 160.151-45 to obtain approval for servicing inflatable liferafts for a particular

7   manufacturer's brand.

8           32.     "<u>Certification Training</u>" means the training or refresher training by a manufacturer

9   or its agent given to  "Servicing Technicians" for Servicing inflatable liferafts, as provided under

10  46 CFR §§ 160.151-35(b)(4) and 160-151-39.

11          33.     "<u>Coast Guard Regulations</u>" means the regulations pertaining to inflatable liferafts

12  set out in Title 46 of the Code of Federal Regulations for the United States Coast Guard,

13  Department of Homeland Security.

14          34.     "<u>Competence Certificate</u>" means the certificate required to be issued by a

15  manufacturer of inflatable liferafts to each Servicing Technician who successfully completes

16  Certification Training for a particular manufacturer's brand of liferaft pursuant to 46 CFR §§

17  160.151-39(a)(3) and 160.151-39(b)(5).  This Competence Certificate must be displayed at the

18  Approved Servicing Facility.

19          35.     "<u>Inspection Sticker</u>" means the sticker which must be affixed to the liferaft

20  container or valise after each Servicing pursuant to 46 CFR  § 160.151-57(m)(3).

21          36.     "<u>New Liferafts</u>" means liferafts which are purchased from the manufacturer or its

22  agent for resale to vessels, either to fit or refit such vessels or to replace condemned liferafts.

23  Condemned liferafts are usually replaced on a like-for-like basis, with the same brand of New

24  Liferafts.

25          37.     "<u>OEM Parts</u>" means parts for inflatable liferafts that are made to the original

26  equipment manufacturer's specifications and are acceptable replacement parts for that

27  manufacturer's brand of liferaft under the Coast Guard Regulations. They include additional

28  equipment and parts specified by manufacturers pursuant to 46 CFR § 160.151-25, which

---

1   equipment and parts are shown in the manufacturer's approved drawings and covered in their

2   servicing manual.

3          38.    "Owner Certificate" means the certificate which must be issued to the liferaft owner

4   or the owner's agent for each liferaft serviced by an Approved Servicing Facility pursuant to 46

5   CFR § 160.151-57(p).

6          39.    "RFD/Revere Brands" means the liferaft brands manufactured by RFD and Revere

7   and labeled with the brands "RFD," "RFD/Revere" and/or "Revere" for which Revere, by

8   agreement with RFD Ltd. and RFD Inc., has exclusive control over Certification Training,

9   Competence Certificates, Inspection Stickers and Owner Certificates.

10         40.    "Recertification Supplies" means those items which must be inspected and replaced,

11  if required, in SOLAS A and SOLAS B inflatable liferafts pursuant to 46 CFR § 160.151-21 during

12  their Servicing.  Such items include heaving lines, jack knifes, bailers,  sponges, sea anchors,

13  paddles, tin-openers, first-aid kits, whistles, flares, electric torches, radar reflectors, signaling

14  mirrors, lifesaving signals, fishing tackle, food rations, drinking water, desalting apparatus,

15  drinking cups, survival instructions, action instructions, thermal protective aides, repair outfits,

16  pumps or bellows and plugs for pressure relief valves.

17         41.    "Servicing" or "Serviced" means the process or the result of the required periodic

18  inspection, repairing, replacement of supplies and repacking of inflatable liferafts as provided for

19  in 46 CFR §§ 160.151-35 and 160.151-57.

20         42.    "Servicing Technician" means the person who has received training or refresher

21  training by a manufacturer or its agent for Servicing that manufacturer's brand of inflatable

22  liferafts, as provided for under 46 CFR § 160-151-39.

23  **V.  The Relevant Markets**

24         **A.      Product Markets**

25         43.    The general  relevant product markets in this action are: (a) the market for the sale of

26  New Liferafts;  (b) the markets for the Servicing of each individual brand of liferaft; (c) the

27  markets for the sale of OEM Parts for each brand of liferaft; (d) the markets for the sale of

28  Certification Training, Inspection Stickers and Owners Certificates for the Servicing for each brand

1  of liferaft; and (f) the market for the sale of Recertification Supplies for Servicing of all brands of

2  liferafts.

3          44.     (a) The market for the sale of liferafts to dealers like COMAR and Oceans West has

4  many manufacturers competing for such sales, including Switlik, RFD Beaufort, DBC, Zodiac,

5  Viking, Switlik, Avon and Fujikura.  Except for the illegal purchase quotas sought to be imposed

6  on Approved Servicing Facilities by manufacturers and their agents like Revere, this is a highly

7  competitive market.  (b) The market for the Servicing of each individual brand of liferaft consists

8  of businesses with Approved Servicing Facilities and Servicing Technicians which are qualified to

9  do the Service.  Except where manufacturers and their agents like Revere refuse to certify

10  competing Approved Servicing Facilities or where they terminate previously certified competing

11  facilities, in order to effect a monopoly in service for RFD/Revere Brands of liferaft in a particular

12  geographic market, this is a competitive market in most geographic areas.  (c) The market for OEM

13  Parts for each brand of liferaft has several competitors, consisting of the suppliers of such parts to

14  the manufacturers, the manufacturers and the manufacturers' agents, like Revere.  Except where

15  manufacturers' and their agents, like RFD, Ltd., RFD, Inc. and Revere, force Approved Servicing

16  Facilities to buy OEM Parts for RFD/Revere Brands of liferafts through them, this market is

17  competitive.  (d) The market for the sale of Certification Training, Inspection Certificates and

18  Owner Certificates for the Servicing of each brand of liferaft is, because of the Coast Guard

19  Regulations, a government granted monopoly to manufacturers and their agents, like Revere.  (e)

20  The market for the sale of generic Recertification Supplies for the servicing of all brands of

21  liferafts has many competitors.  Except where manufacturers or their agents, like Revere, force

22  Approved Servicing Facilities to buy such generic Recertification Supplies, the market is

23  competitive.

24        **B.**     **Geographic Markets**

25          45.     The relevant geographic markets for each of these product markets is as follows.

26  (a) For the sale of New Liferafts to dealers and end users, the geographic market is world wide.  (b)

27  For the sale of Servicing for each individual brand of liferaft, the geographic market is local,

28  consisting of Approved Servicing Facilities in close proximity to the port facility where the vessel

carrying the liferaft to be serviced is located.  (c) For the sale of OEM Parts for each brand of liferaft, the geographic market is worldwide.  (d) For the sale of Certification Training, Inspection Stickers and Owner Certificates for the Servicing of each brand of liferaft, the geographic market is the United States, as dictated by the Coast Guard Regulations.   (e) For the sale of generic Recertification Supplies for the servicing of all brands of liferafts, the geographic market is worldwide.

## VI.    General Allegations Applicable to All Claims for Relief

### A.    Background

46.    Pursuant to Title 46 (Shipping), Part 117 (Lifesaving Equipment and Arrangements) of the Code of Federal Regulation ("CFR"), the United States Coast Guard, Department of Homeland Security ("Coast Guard") requires certain vessels under its jurisdiction to have survival equipment, including inflatable liferafts.  Title 46 ("Shipping"), Part 160 ("Lifesaving Equipment"), Subpart 151 ("Inflatable Liferafts (SOLAS)") prescribes standards, tests and procedures for approval by the Coast Guard of inflatable liferafts that meet certain requirements set out by the International Convention for the Safety of Life at Sea ("SOLAS").  It also provides for their periodic inspection and repair ("Servicing") at Coast Guard approved facilities ("Approved Servicing Facility").  Vessels on international voyages subject to SOLAS and most other vessels that operate offshore are required by the Coast Guard Regulations to have inflatable liferafts.

47.    These inflatable liferafts are made of a pliable, airtight fabric and are packed tightly in impact proof containers.  The liferafts contain, packed inside them, certain generic supplies for survival that need to be replaced periodically.  These include bailers, sponges, sea anchors, paddles, first-aid kits, flares, flashlights, fishing tackle, food rations, drinking water, desalting apparatus, thermal protective aides, repair outfits and pumps ("Recertification Supplies").  Liferafts are inflated when they are deployed by $CO_2$ cartridges which are packed with them.  The liferafts vary in size from small (2 person) to very large (100 person or larger) capacity.

48.    46 CFR § 160.151-35 requires the manufacturer of a liferaft, like defendants RFD Ltd., RFD Inc. and Revere to have a training program for the certification of servicing technicians for the required periodic inspection, repairing and repacking of liferafts of that manufacturer's

brand. 46 CFR § 160.151-39 requires the manufacturer to maintain refresher training for recertification of previously trained servicing technicians for that manufacturer's brand ("Certification Training"). 46 CFR §§ 160.151-39(a)(3) and 160.151(b)(5) require the manufacturer to issue a "Certificate of Competence" to each Servicing Technician who has successfully completed Certification Training. The Certificate of Competence must be displayed at the Approved Servicing Facility.

49.     46 CFR § 160.151-42(e) requires each Approved Servicing Facility, like plaintiffs COMAR and Oceans West, to employ at least one Servicing Technician who has successfully completed the manufacturer's Certification Training. 46 CFR § 160.151-57(m) requires each Approved Servicing Facility to affix an Inspection Sticker with the manufacturer's name and other information on each liferaft container or valise for each liferaft for which it provides Servicing. 46 CFR § 160.151-57(p) requires each Approved Servicing Facility to issue a certificate with the manufacturer's name and other information to the liferaft owner for each liferaft it services ("Owner Certificate").

50.     The United States Coast Guard Regulations require annual servicing of the liferafts by an Approved Servicing Facility for that brand of liferaft. The requirements for approval of Approved Servicing Facilities and for the Servicing of liferafts are set out at 46 CFR §§ 160.151-41 through 160.151-57. Pursuant to 46 CFR § 160.151-57 at every fifth annual servicing inspection each liferaft must be inflated by its own gas-inflation system, extensively tested and repaired or condemned.

**B.     Certification Schools Monopoly**

51.     Because of these requirements of the Code of Federal Regulations, defendants RFD Ltd., RFD Inc. and Revere, as manufacturers or their exclusive agents in the United States, have monopoly power over the markets for the Certification Training of Servicing Technicians for RFD/Revere Brands of liferaft. They alone provide or are capable of providing schools for Certification Training. They, therefore, have the exclusive rights to issue the Certificate of Competence.

52.     Because of the requirements of the Code of Federal Regulations, defendants RFD

1   Ltd., RFD Inc. and Revere have monopoly power over the market for providing required Inspection

2   Stickers and Owner Certificates for each RFD/Revere Brand liferaft Serviced.  They are the only

3   source in the United States for the Inspection Stickers and Owner Certificates for the Servicing of

4   RFD/Revere Brands of liferafts.

5       **C.    Competitive Alternatives**

6       53.    Pursuant to 46 CFR § 160.151-21 SOLAS A and SOLAS B inflatable liferafts, in

7   order to be Serviced, must have certain survival supplies ("Recertification Supplies").

8   Recertification Supplies include many "dated items" like flares, water, food and medicines.  These

9   dated items need to be replaced at each annual Servicing of a liferaft under the Coast Guard

10  Regulations.  These are for RFD/Revere Brands of liferafts for other brands as well.

11      54.    COMAR and Oceans West have offered and now offer some of these

12  Recertification Supplies for sale to other Approved Servicing Facilities.  For example, COMAR

13  and Oceans West are authorized distributors on the West Coast for Pains Wessix flares – a well-

14  respected brand of flares which are widely used in inflatable liferafts, including in RFD/Revere

15  Brands of  liferafts and other brands as well.

16      55.    Revere also offers Recertification Supplies for the servicing of  RFD/Revere Brands

17  of liferafts and for other brands.  Revere is in competition with COMAR and Oceans West, as well

18  as others, to supply Recertification Supplies to other Approved Servicing Facilities for

19  RFD/Revere Brands of liferafts and for other brands.  Revere is also an authorized distributor for

20  Pains Wessix flares and competes with COMAR and Oceans West to sell these Recertification

21  Supplies to Approved Servicing Facilities.

22      56.    Consumers of Servicing for particular brands of inflatable liferafts are recognized

23  according to the brand of liferaft they own.  For example, an owner of one of the RFD/Revere

24  Brands of  liferafts which is in need of Servicing requires an Approved Servicing Facility for that

25  RFD/Revere Brand of liferaft and a Service Technician having Certification Training, a

26  Competence Certificate, an Inspection Sticker and an Owner Certificate for that RFD/Revere

27  Brand of liferaft.   An Approved Servicing Facility, a Service Technician having Certification

28  Training, a Competence Certificate, an Inspection Sticker and an Owner Certificate for a different

1    brand of liferaft, like Viking brand liferafts, are not a satisfactory substitute.  There is no

2    reasonable interchangeability of use between the different brands of liferafts for Approved

3    Servicing Facilities, Certification Training, Competence Certificates, Servicing Technicians,

4    Servicing, Inspection Stickers and Owner Certificates.

5            57.    There is no cross-elasticity of demand between the different brands of liferafts for

6    Approved Servicing Facilities, Certification Training, Competence Certificates, Servicing

7    Technicians, Servicing, Inspection Stickers and Owner Certificates.  Significant increases in price

8    for any of these will not create substantial changes in the demand for them or switching between

9    liferaft brands.

10           58.    Members of the liferaft servicing industry understand and agree that the brand of

11   liferaft differentiates various consumers for Servicing of that liferaft.  There are separate markets

12   for Servicing for each of the major brands of inflatable liferafts.  Different marketing strategies are

13   employed in attempting to sell Servicing to owners of different brands of liferafts.  Distinct prices

14   for Servicing are employed, based on the brand of liferaft.  Different sensitivities to price changes

15   exist as to Servicing for different brands of liferafts.

16           59.    Certain factors may contribute to owners of certain brands of liferafts being locked-

17   in to purchasing Servicing for that liferaft rather than switching to another brand of liferaft.  These

18   factors include: (a) high capital investment in the liferaft, where used liferaft  sales or buy-out

19   markets are not functioning efficiently; (b) the general policy in the liferaft industry to exchange

20   like-brand for like-brand, when a liferaft must be condemned and replaced; (c) the difficulty of

21   obtaining single-source Servicing for multiple liferaft brands on the same vessel; (d) the existence

22   of significant information costs for purchasers and owners of liferafts; (e) the difficulty or

23   impossibility of life-cycle costing liferafts; (f) the unavailability of separate life-time warranties or

24   contracts for Servicing;  (g) price discrimination between customers for Servicing and OEM Parts;

25   (h) the switching by a manufacturer or dealer of their policies for Servicing and OEM Parts toward

26   customers after the liferafts are purchased; and (i) other practical factors in the marketplace.

27   ///

28

---

1   **VII.   The Unlawful and Anticompetitive Actions of Revere, RFD Ltd. and RFD Inc.**

2       **A.   Revere's Forcing of New Liferaft and OEM Parts Purchases**

3       60.   In March 2002 Revere refused to sell Inspection Stickers and Owner Certificates to

4   Oceans West for Servicing RFD/Revere Brands of liferafts unless Oceans West agreed to purchase

5   from Revere eight (8) new liferafts, as well as all its requirements for OEM Parts.  This refusal was

6   made by Revere despite the fact that Oceans West was an Approved Servicing Facility and had a

7   Servicing Technician with Certification Training for RFD/Revere Brands of liferafts.

8       61.   When Oceans West acceded to this demand, based solely on its immediate need to

9   certify rafts it had already Serviced, Revere increased its demand and tried to require Oceans West

10   and COMAR to purchase from Revere at least eight (8) liferafts per year for three (3) years, as well

11   as to purchase all OEM Parts for RFD/Revere Brands of liferafts exclusively from Revere.

12       62.   By letter of March 12, 2002, legal counsel for Oceans West advised Revere that

13   these demands "represent a *per se* violation of the Cartwright Act of California and an Unfair

14   Trade Practice under California law." Revere did not deny that it had engaged in such actions nor

15   did it deny that they were unlawful.  Revere dropped its demands, admitting their unlawfulness.

16       **B.   Refusal of Certification Training for RFD/Revere Brands**

17       63.   On June 17, 2004, Andy Kaufman ("Kaufman"), an officer of defendant Revere,

18   called Thomas Tarantino ("Tarantino") of COMAR.  Kaufman advised Tarantino that Revere, the

19   sole source of Certification Training for RFD/Revere Brands of liferafts in the United States, was

20   not going to allow Tarantino or anyone from  COMAR to attend the school for Certification

21   Training for RFD/Revere Brands of liferafts.  Kaufman also advised COMAR that Revere would

22   not provide COMAR with Inspection Stickers or Owner Certificates for RFD/Revere Brands of

23   liferafts any more.  Tarantino is a highly qualified and respected liferaft Servicing Technician, with

24   over twenty years experience.  Tarantino is certified to service B.F.Goodrich, RFD, Beaufort,

25   Elliott, Crewsaver, ISSI, DBC, Zodiac, Switlik and Viking brand liferafts, among others.

26       64.   The reasons for Revere's refusal to allow Tarantino to attend Certification Training

27   and refusal to sell COMAR Inspection Stickers and Owners' Certificates for RFD/Revere Brands

28   of liferafts were: (a) COMAR's refusal to accede to Revere's demands to buy Recertification

Supplies and OEM Parts from Revere; (b) COMAR's competition with Revere in Recertification Supplies; and (c) the desire to give all Servicing for RFD/Revere Brands of liferafts to Sal's Inflatables, in Alameda, California, which had acceded to Revere's demands.

65.    On June 30, 2004, legal counsel for COMAR advised Revere by letter, with copies to RFD Ltd. and RFD Inc., that its refusal: "constitutes unlawful monopoly leveraging – monopolization of the service market – under Section 2 of the Sherman Act, 15 U.S.C. § 2," and "constitutes unlawful 'tying' arrangements under Section 1 of the Sherman Act, 15 U.S.C. § 1" under the precedent in *Eastman Kodak Company v. Image Technical Services, Inc.* 504 U.S. 451 (1992) and *Image Technical Services, et al. v. Eastman Kodak Co.* 125 F. 3d 1195 (9th Cir. 1997), *certiorari denied* 523  U.S. 1094 (1998).  Revere did not deny that it had engaged in such refusals nor did it deny that such refusal was unlawful.  Revere did drop its refusals, admitting the unlawfulness of such refusals.

## C.    Creation of Monopolies for Servicing

66.    As of July 2004, Revere had provided Certification Training to Sal's Inflatables in Alameda, California, for RFD/Revere Brands of  liferafts and was providing Sal's Inflatables with Inspection Stickers and Owners Certificates for RFD/Revere Brands liferafts.  Sal's Inflatables had acquiesced in Revere's demands for the purchase of Recertification Supplies, OEM Parts and quotas of New Liferafts from Revere, which COMAR and Oceans West had refused to do.

67.    Refusal by Revere to provide COMAR with Certification Training, Inspection Stickers and Owner Certificates for RFD/Revere Brands of liferafts would have given Sal's Inflatables a monopoly in the San Francisco Bay area for Servicing RFD/Revere Brands of liferafts.  Under similar circumstances, when Sal's Inflatables obtained, for a short time, a monopoly for Servicing another manufacturer's brand of liferafts, Sal's charged the Golden Gate Ferries nearly double what COMAR had charged for Servicing the Golden Gate Ferries' liferafts.

68.    Revere has refused to provide other Approved Servicing Facilities with Certification Training, Inspection Stickers and Owner Certificates for RFD/Revere Brands of liferafts in order to effect such monopolies in Servicing for RFD/Revere Brands of liferafts in the past.  USA Services, Inc. and Paxton Company from Norfolk, Virginia, were refused Certification

1    Training, Inspection Stickers and Owner Certificates for RFD/Revere Brands of liferafts, in order

2    to effect a monopoly for Vane Brothers in the Chesapeake Bay Area.  This was after Vane Brothers

3    agreed to Revere's illegal demands.  Sea Safe Services, Inc, of Tampa, Florida and Datrex of

4    Miami, Florida were refused Certification Training, Inspection Stickers and Owner Certificates for

5    RFD/Revere Brands of liferafts, in order to try to effect a monopoly for Revere itself in  Florida,

6    because Revere provided Servicing in Jacksonville, Florida.  Sea Safety International from

7    Seacaucus, New Jersey was also refused Certification Training, Inspection Stickers and Owner

8    Certificates for RFD/Revere Brands of liferafts, in order to effect a monopoly for Vane Brothers in

9    the New York/New Jersey area, after Vane Brothers had agreed to Revere's illegal demands.

10        69.    Legal counsel for Datrex and Sea Safety International advised Revere, by letters

11   dated June 30, 2004 and July 7, 2004, of the illegality of Revere's refusal to provide Certification

12   Training to them for RFD/Revere Brands liferafts.  Revere did not deny that it had engaged in such

13   refusals nor did it deny that they were unlawful.  Revere did drop its refusals as to Datrex and Sea

14   Safety International, admitting the unlawfulness of Revere's refusals.

15        **D.    Monopoly Leveraging and Tying of Supplies**

16        70.    From July 19, 2004 through July 22, 2004 Tarantino attended the Certification

17   Training for RFD/Revere Brands liferafts in Jacksonville, Florida and successfully completed the

18   training. From July 19, 2004 through July 22, 2004 a Servicing Technician for Datrex attended the

19   Certification Training for RFD/Revere Brands liferafts in Jacksonville, Florida and successfully

20   completed the training. From July 19, 2004 through July 22, 2004 a Servicing Technician for

21   Marine Safety in Seattle, Washington, attended the Certification Training for RFD/Revere Brands

22   liferafts in Jacksonville, Florida and successfully completed the training. Both Tarantino and the

23   Servicing Technician for Datrex were refused Certification Training for Revere brand liferafts.

24   Revere has refused and failed to provide Competence Certificates to Tarantino and to the Servicing

25   Technicians from Datrex and Marine Safety even though it is required to do so under the Coast

26   Guard Regulations.  46 CFR § 160.15 1-39.

27   ///

28        71.    Revere had presented to COMAR, Datrex and Marine Safety, in July 2004, a new

1   "Distributorship Agreement" and "Agreement for the Operation of a Revere and RFD Service

2   Station" ("Service Station Agreement").  These agreements required, *inter alia*, that approved

3   Servicing Facilities for RFD/Revere Brands of liferafts purchase Recertification Supplies, OEM

4   Parts and a quota of New Liferafts exclusively from Revere.   Revere initially demanded that the

5   Distribution Agreement and Service Station Agreements be signed by COMAR, Datrex and

6   Marine Safety before their technicians could attend the Certification Training beginning on July 19,

7   2004, in Jacksonville, Florida.

8            72.    Many other Approved Servicing Facilities signed Revere's Distribution Agreement

9   and Service Station Agreement, including Avalon Rafts, Sales & Service, Inc. in Wilmington,

10  California, Sea Safety International, Inc. in Seacaucus, New Jersey, Sal's Inflatables in Alameda,

11  California and Puget Sound Inflatables, Inc., in Seattle, Washington.   These other Approved

12  Servicing Facilities were actual or potential customers of COMAR and Oceans West for

13  Recertification Supplies, which Revere's agreements required them to buy exclusively from

14  Revere.

15           73.    As a result of COMAR's, Datrex's and Marine Safety's refusing to sign the

16  Distribution Agreement, Revere refused to provide Tarantino, the Datrex Servicing Technician and

17  the Marine Safety Servicing Technicians  with their Competence Certificate, even though Revere is

18  absolutely required to provide such Competence Certificate by the Coast Guard Regulations, 46

19  CFR §160.151-39.

20

21  **VIII.   Claims for Relief**

22                        **A.  First Claim for Relief**
                    **(Against Revere, RFD Ltd. and RFD Inc.)**
23      **Contracts, Combinations and Conspiracies in Restraint of Trade**
                    **(Section 1 of the Sherman Act, 15 U.S.C. § 1)**
24

25           74.    Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 73

26  inclusive, above, to the extent they are consistent with the facts alleged in this cause of action,

27  with the same force and effect as if said paragraphs were herein set forth in full.

28           75.    Revere, RFD Ltd. and RFD Inc. have unreasonably restrained competition by and

---

1   through their aforesaid contracts, combinations and conspiracies in the markets for: (a) Servicing

2   RFD/Revere Brands of liferafts; (b) for Recertification Supplies; (c) for OEM Parts for

3   RFD/Revere Brands of liferafts; and (d) for New Liferafts.  These contracts, combinations and

4   conspiracies have damaged competition in these markets and harmed consumers by unreasonably

5   foreclosing  plaintiffs and other competitors from these markets and by preventing or restricting

6   competition in these markets.  They have thus violated Section 1 of the Sherman Act.

7   76.   Revere's, RFD Ltd.'s and RFD Inc.'s contracts and actions related thereto, which

8   unreasonably restrain competition in these markets include, but are not limited to: (a) the contracts,

9   combinations and conspiracies under which RFD Ltd. and RFD Inc. have agreed to allow Revere

10  to have exclusive control in the United States over Certification Training, Competence Certificates,

11  Inspection Stickers, Owner Certificates and OEM Parts for RFD/Revere Brands of liferafts; (b) the

12  contracts, combinations and conspiracies, including the Distribution Agreements and Service

13  Station Agreements under which Revere forces Approved Servicing Facilities to purchase

14  Recertification Supplies, OEM Parts and quotas of New Liferafts as a condition to Servicing

15  RFD/Revere Brands of liferafts; and (c) the contracts, combinations and conspiracies among

16  Revere, RFD Ltd. and RFD Inc. and others under which Revere, RFD Ltd. and RFD Inc. terminate

17  or refuse to allow Certification Training for RFD/Revere Brands of liferafts to Approved Servicing

18  Facilities, in order to create a Servicing monopoly in certain geographic areas.

19  77.   The contracts, combinations and conspiracies of Revere, RFD Ltd. and RFD Inc. set

20  out in paragraph 76, subparagraphs (a) and (b), above, unreasonably restrain trade and restrict the

21  access of plaintiffs and others to the markets for Recertification Supplies, OEM Parts for

22  RFD/Revere Brands of liferafts and New Liferafts, thereby restraining competition in these

23  markets.  The contracts combinations and conspiracies of Revere, RFD Ltd. and RFD Inc and

24  others set out in paragraph 76, subparagraph (c), above, unreasonably restrains trade and restricts

25  access to the markets for Servicing RFD/Revere Brands of liferafts, thereby restraining competition

26  in these markets.

27  ///

28  78.   The contracts, combinations and conspiracies set out in paragraph 76, above, by

1   unreasonably restraining trade and restricting the access of plaintiffs and others to the said markets

2   restrain competition in these markets, are not justified by plausible arguments that these actions

3   were intended to increase output, enhance the efficiency of, lower prices of or make more

4   competitive other markets.  These actions in fact injure competition and consumers, decrease

5   output, raise prices and decrease the economic efficiency in said markets. The likelihood of

6   anticompetitive effects from such actions is clear and the possibility of pro-competitive effects is

7   remote.

8      79.    Any legitimate objectives of Revere, RFD, Ltd. and RFD, Inc. could have been and

9   could be achieved in a substantially less restrictive manner than the contracts, combinations and

10  conspiracies set out in paragraph 76.

11     80.    The purpose and effect of these actions of defendants were to restrain trade and

12  competition in the said markets.

13     81.    These actions of defendants constitute unreasonable restraints of trade and

14  commerce and therefore violate Section 1 of the Sherman Act, 15 U.S.C. § 1.

15     82.    By reason of defendants' unlawful actions and as a direct and proximate result of

16  such actions plaintiffs have been injured in their businesses and properties through monies paid to

17  defendants and through additional costs incurred,  lost sales, lost profits and loss in the value of

18  their businesses.  Plaintiffs have, and will continue to suffer irreparable harm and the public will be

19  damaged through defendants' aforesaid unlawful actions in violation of Section 1 of the Sherman

20  Act.  Plaintiffs have no adequate remedy at law for this irreparable harm.

21     83.    The aforesaid violations of Section 1 of the Sherman Act by defendants have had,

22  will have and will continue to have the following effects, among others:  (a) defendants have

23  restrained, suppressed and eliminated actual and potential competition in the market for

24  Recertification Supplies; (b) defendants have restrained, suppressed and eliminated actual and

25  potential competition in the market for OEM Parts for RFD/Revere Brands of liferafts; (c)

26  defendants have restrained, suppressed and eliminated actual and potential competition in the

27  market for Servicing RFD/Revere Brands of liferafts; (d) defendants have restrained, suppressed

28  and eliminated actual and potential competition for New Liferafts; (e) the public has been denied

1   the benefits of unrestricted competition in a free and open markets in these products; (f) the prices

2   paid by the public for Recertification Supplies, OEM Parts for RFD/Revere Brands of liferafts,

3   New Liferafts and Servicing RFD/Revere Brands of liferafts have been higher; (g) the quality of

4   Recertification Supplies, OEM Parts for RFD/Revere Brands of liferafts, New Liferafts and

5   Servicing of RFD/Revere Brands of liferafts has been lower; (h) the output of Recertification

6   Supplies, OEM Parts for RFD/Revere Brands of liferafts, New Liferafts and Servicing of

7   RFD/Revere Brands of liferafts has been decreased; (i) plaintiffs and other competitors of Revere,

8   RFD Ltd. and RFD Inc. have been denied the benefits of unrestricted competition in  free and open

9   markets for Recertification Supplies, OEM Parts for RFD/Revere Brands of liferafts, New Liferafts

10  and Servicing of RFD/Revere Brands of liferafts; and (j) plaintiffs and other competitors of

11  Revere, RFD Ltd. and RFD Inc. have been precluded from obtaining and performing substantial

12  contracts Recertification Supplies, OEM Parts for RFD/Revere Brands of liferafts, New Liferafts

13  and Servicing for RFD/Revere Brands of liferafts.

14          **Wherefore**, plaintiffs pray judgment against defendants as set forth below.

15

16                          **B.  Second Claim for Relief**
                      **(Against Revere, RFD Ltd. and RFD Inc.)**
17                         **Exclusive Dealing Arrangements**
                   **(Section 1 of the Sherman Act, 15 U.S.C. § 1)**
18

19          84.     Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 83

20  inclusive, above, to the extent they are consistent with the facts alleged in this cause of action, with

21  the same force and effect as if said paragraphs were herein set forth in full.

22          85.      Plaintiffs are actual horizontal competitors of Revere for the sale of Recertification

23  Supplies.

24          86.     Revere, RFD Ltd. and RFD Inc. possess market power over and exclusive access to

25  Approved Servicing Facilities through their control over Certification Training, Competence

26  Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands of liferafts.  The

27  ability of plaintiffs and other competitors to receive equal access to Certification Training,

28  Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands of

1  liferafts is necessary and essential to preserve competition in Servicing RFD/Revere Brands of

2  liferafts.

3         87.     Revere, RFD Ltd. and RFD Inc. have entered into long-term contracts with one

4  another under which Revere has been given the exclusive long-term control over Certification

5  Training, Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere

6  Brands of liferafts and over OEM parts for RFD/Revere Brands of liferafts.  Said defendants have

7  engaged in actions pursuant to those contracts to disadvantage or eliminate plaintiffs and others  as

8  competitors for Servicing RFD/Revere Brands of liferafts, providing Recertification Supplies and

9  providing OEM Parts for RFD/Revere Brands of liferafts.

10         88.     Revere's, RFD Ltd.'s and RFD Inc.'s  denying plaintiffs the ability to offer

11  competitive quotes for Servicing RFD/Revere Brands of liferafts, Recertification Supplies and

12  OEM Parts for RFD/Revere Brands of liferafts, as herein alleged, is not justified by plausible

13  arguments that this was intended to increase output, enhance the efficiency of, lower prices of or

14  make more competitive any of the relevant markets defined herein.  The likelihood of

15  anticompetitive effects from such denials is clear and the possibility of procompetitive effects is

16  remote.  Any legitimate objectives of Revere, RFD Ltd. and RFD Inc. could have been achieved in

17  a substantially less restrictive manner.

18         89.     By reason of  Revere's, RFD Ltd.'s and RFD Inc.'s aforesaid unlawful contracts and

19  as a direct and proximate result of such contracts, plaintiffs have lost or will lose Servicing for

20  RFD/Revere Brands of liferafts and have lost sales of Recertification Supplies and OEM Parts for

21  RFD/Revere Brands of liferafts.  They have lost sales, profits and the value of their businesses.

22  Plaintiffs have and will continue to suffer irreparable harm through the loss of their trade and

23  business, and the public will be damaged by: (a) the weakening or elimination of plaintiffs and

24  others in the market  to supply said Servicing for RFD/Revere Brands of liferafts and

25  Recertification Supplies; and (b) the weakening or elimination of plaintiffs and others in the

26  market to supply said OEM Parts for RFD/Revere Brands of liferafts and New Liferafts.

27  ///

28         90.     The aforesaid violations of Section 1 of the Sherman Act have had, and will

continue, to have the following effects in the relevant markets, among others: (a) they have achieved and maintained unreasonable control over competition for providing Servicing for RFD/Revere Brands of liferafts, Recertification Supplies and OEM Parts for RFD/Revere Brands of liferafts; (b) Revere, RFD Ltd. and RFD Inc. have  restrained, suppressed and eliminated actual and potential competition and foreclosed plaintiffs and other competitors from providing said Servicing;  (c) Revere, RFD Ltd. and RFD Inc. have restrained, suppressed and eliminated actual and potential competition in said Servicing, Recertification Supplies, OEM Parts and New Liferafts; (d) the public has been denied the benefits of unrestricted competition in a free and open market for the sale of said Servicing, Recertification Supplies, OEM Parts and New Liferafts; and (e) plaintiffs have been precluded from obtaining and performing substantial contracts for providing said Servicing, Recertification Supplies, OEM Parts and New Liferafts to these customers.

91.     The actions of Revere, RFD Ltd. and RFD Inc. and their agreements among themselves and with Approved Servicing Facilities are unlawful as unreasonable exclusive dealing arrangements under Section 1 of the Sherman Act (15 U.S.C. § 1) because they unreasonably restrain competition in the said relevant markets and affect a substantial part of such markets.

**Wherefore**, plaintiffs pray judgment against defendants as set forth below.


**C.  Third Claim for Relief**
**(Against Revere)**
**Per Se Tying Arrangements**
**(Section 1 of the Sherman Act, 15 U.S.C. § 1)**

92.     Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 91 inclusive, above, to the extent they are consistent with the facts alleged in this cause of action  with the same force and effect as if said paragraphs were herein set forth in full.

93.     Revere conditions the sale to the owner of an Approved Servicing Facility of Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands of liferafts (the "tying products") upon the owner's purchase of Recertification Supplies, OEM Parts and New Liferafts  (the "tied product") from Revere, or at

1    least on the owner's not buying them from a competitor of Revere.

2         94.    Revere,  with regard to the sale of Certification Training, Competence Certificates,

3    Inspection Stickers and Owner Certificates for RFD/Revere Brands of liferafts to the owner of an

4    Approved Servicing Facility, has complete economic power over the customer in the tying product.

5    This market power allows Revere to affect a substantial amount of commerce in the market for the

6    tied products – said Recertification Supplies, OEM Parts and New Liferafts.

7         95.    Certification Training, Competence Certificates, Inspection Stickers and Owner

8    Certificates for RFD/Revere Brands of liferafts, the tying products, are unique and indispensable to

9    Approved Servicing Facilities.  There are no reasonable or adequate substitutes for the tying

10   product.  The barriers to creating such substitutes are substantial and entry into the market is not

11   practicable.

12        96.    The tying product and the tied product are separate and distinct from one another.

13   Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for

14   RFD/Revere Brands of liferafts are widely and publicly recognized as distinct and separate

15   products from Recertification Supplies, OEM Parts for RFD/Revere Brands of liferafts and New

16   Liferafts.  Many consumers would prefer to purchase each product independently of the others.

17   Many consumers do purchase these products independently of the others.

18        97.    Revere's tying arrangement has been successful.  Revere has been able to force

19   purchasers of the tying product to buy the tied products from Revere.  If Revere had not imposed

20   the tie-in arrangements many of these purchasers would have bought the tied product from

21   plaintiffs or another competitor of Revere.

22        98.    By imposing the tying arrangement, Revere has harmed competition in the market

23   for the tied product and foreclosed a substantial volume of commerce in the market for the tied

24   product.

25        99.    Revere's tying arrangement has caused injury to both buyers and sellers in the

26   market for the tied product.  (a) Purchasers of Certification Training, Competence Certificates,

27   Inspection Stickers and Owner Certificates for RFD/Revere brands of  liferafts have been

28   wrongfully forced to buy Recertification Supplies, OEM Parts for RFD/Revere Brands of liferafts

---

and New Liferafts from Revere.  (b) Competitors for Recertification Supplies, OEM Parts for RFD/Revere Brands of liferafts and New Liferafts, including plaintiffs and others, have been wrongfully prevented from selling such products to these purchasers.  (c) Prices for the tied product have been higher than they would be in a competitive market.  (d) Supply of the tied product has been lower than it would be in a competitive market.

100.    Revere did not impose the tie for legitimate business reasons or purposes.  In any case, this arrangement imposes excessive burdens and any legitimate business purposes could be accomplished by less restrictive means.

101.    By reason of Revere's aforesaid unlawful tying arrangement and as a direct and proximate result of such tying arrangement, plaintiffs have lost sales, profits and the value of their businesses. Plaintiffs have and will continue to suffer irreparable harm through the loss of their trade and business, and the public will be damaged by the weakening or elimination of plaintiffs and others in the market for Recertification Supplies, OEM Parts for RFD/Revered Brands of liferafts and New Liferafts.

102.    Revere's tying arrangement constitutes a *per se* violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

**Wherefore**, plaintiffs pray judgment against defendant as set forth below.


**D.   Fourth Claim for Relief**
**(Against Revere)**
**Rule of Reason Tying**
**(Section 1 of the Sherman Act, 15 U.S.C. § 1)**

103.    Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 102 inclusive, above, to the extent they are consistent with the facts alleged in this cause of action, with the same force and effect as if said paragraphs were herein set forth in full.

104.    Even if Revere's tying arrangement is not a *per se* violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, Revere's tying arrangement of tying Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands of liferafts to Recertification Supplies, OEM Parts for RFD/Revere Brands of liferafts and New

1   Liferafts, unreasonably restrains competition in the tied product market and constitutes a rule of

2   reason violation of Section 1 of the Sherman Act, 15, U.S.C. § 1.

3       **Wherefore**, plaintiffs pray judgment against defendant as set forth below.

4

5               **E.    Fifth Claim for Relief**

6           **(Against Revere, RFD Ltd. and RFD Inc. )**
                    **Monopoly Leveraging**

7       **(Section 2 of the Sherman Act, 15 U.S.C. § 2)**

8       105.    Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through

9   104 inclusive, above, to the extent they are consistent with the facts alleged in this cause of action,

10  with the same force and effect as if said paragraphs were herein set forth in full.

11      106.    Revere, RFD Ltd. and RFD Inc. have 100% share of the relevant markets for

12  Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for

13  RFD/Revere Brands of liferafts.   Revere, RFD Ltd. and RFD Inc. have the power to control prices

14  and to exclude competition in these markets.

15      107.    The barriers to entry for competitors, including plaintiffs, to get into these markets

16  are high since under the Coast Guard Regulations, only manufacturers or their agents may provide

17  Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for

18  RFD/Revere Brands of liferafts.

19      108.    The prices Revere, RFD Ltd. and RFD Inc. obtain in these markets are

20  supracompetitive.  These supracompetitive prices have not caused customers for Certification

21  Training, Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere

22  Brands of liferafts to switch from Revere, RFD Ltd. and RFD Inc to competitive vendors because

23  there is no alternative source for these products under the Coast Guard Regulations. The

24  supracompetitive prices have not caused new entry or the switching of resources of competitors

25  into these markets since they cannot do so under the Coast Guard Regulations.

26      109.    Revere, RFD Ltd. and RFD Inc. have used their monopoly in Certification Training,

27  Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands of

28  liferafts to leverage themselves into separate and otherwise competitive relevant markets, *viz.*  the

markets for Recertification Supplies, OEM Parts for RFD/Revere Brands of liferafts and New Liferafts.   The exercise by Revere, RFD Ltd. and RFD Inc of their monopoly in  for Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands of liferafts, in order to leverage themselves into sales in the markets for Recertification Supplies, OEM Parts for RFD/Revere Brands of liferafts and New Liferafts is not justified by plausible arguments that these actions were intended to increase output, enhance the efficiency of, lower prices of or make more competitive these markets or other markets.  These actions in fact injure competition and consumers, decrease output, raise prices and decrease economic efficiency in said markets. The likelihood of anticompetitive effects from such actions is clear and the possibility of procompetitive effects is remote.

110.    Revere, RFD Ltd. and RFD Inc. have not used their monopoly in Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands of liferafts in the markets for Recertification Supplies, OEM Parts for RFD/Revere Brands of liferafts and New Liferafts for legitimate business reasons or purposes.  In any case, Revere, RFD Ltd. and RFD Inc.'s use of its monopoly to leverage into the markets for  Recertification Supplies, OEM Parts for RFD/Revere Brands of liferafts and New Liferafts, as set out above, imposes excessive burdens and any legitimate business purposes could be accomplished by less restrictive means.

111.    By reason of Revere's, RFD Ltd.'s and RFD Inc.'s monopoly leveraging plaintiffs have lost sales, profits and the value of their businesses.  Plaintiffs have and will continue to suffer irreparable harm through the loss of their trade and business, and the public will be damaged by: (a) the weakening or elimination of competition in these markets; and (b) the elimination of choices for consumers in these markets; (c) the payment of supracompetitive prices for the goods and services in these markets; and (d) the decrease of output in these markets.

112.    Revere's, RFD Ltd.'s and RFD Inc.'s actions, as set out above, constitute an unlawful monopolization and unlawful combinations and conspiracies to monopolize pursuant to Section 2 of the Sherman Act, 15 U.S.C. § 2.

**Wherefore**, plaintiffs pray judgment against defendants as set forth below.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Sixth Claim for Relief**
**(Against RFD Ltd., RFD Inc. and Revere)**
**Attempted Monopolization**
**(Section 2 of the Sherman Act, 15 U.S.C. § 2)**

113.    Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 112 inclusive, above, to the extent they are consistent with the facts alleged in this cause of action, with the same force and effect as if said paragraphs were herein set forth in full.

114.    The aforesaid actions of Revere, RFD Ltd. and RFD Inc.  were engaged in with the purpose and intent to injure, suppress, destroy and irreparably harm plaintiffs and other competitors as vital competitors in the markets for Recertification Supplies and OEM Parts for RFD/Revere Brands of liferafts.

115.    Said actions of Revere, RFD Ltd. and RFD Inc. have created and create a dangerous probability that Revere, RFD Ltd. and RFD Inc. will succeed in injuring, suppressing, destroying and irreparably harming plaintiffs and others as vital competitors in these markets and succeed in achieving monopoly power.  These actions of Revere, RFD Ltd. and RFD Inc. are not justified by plausible arguments that these actions were intended to increase output, enhance the efficiency of, lower prices of or make more competitive these markets or other related markets.  These actions in fact injure competition and consumers, decrease output, raise prices and decrease economic efficiency in said markets. The likelihood of anticompetitive effects from such actions is clear and the possibility of procompetitive effects is remote.

116.    By reason of Revere, RFD Ltd. and RFD Inc.'s aforesaid actions and as a direct and proximate result of such actions, plaintiffs have lost sales, profits and the value of their businesses. Plaintiffs have and will continue to suffer irreparable harm through the loss of their trade and business, and the public will be damaged by: (a) the weakening or elimination of competition in these markets; and (b) the elimination of choices for consumers in these markets; and (c) the payment of supracompetitive prices for the goods and services in these markets.

///

117.    Revere, RFD Ltd. and RFD Inc.'s aforesaid actions constitute an unlawful attempt to monopolize the relevant markets for Recertification Supplies and OEM Parts for RFD/Revere

Brands of liferafts.

**Wherefore**, plaintiffs pray judgment against defendants as set forth below.

### H.    Seventh Claim for Relief
**(Against Revere, RFD Ltd. and RFD Inc.)**
**Violations of the Code of Federal Regulations**
**(**46 CFR §§ 160.151-1, et seq.**)**

118.    Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 117 inclusive, above, to the extent they are consistent with the facts alleged in this cause of action, with the same force and effect as if said paragraphs were herein set forth in full.

119.    46 CFR § 160.151-41 gives the Coast Guard direct and exclusive control over the process by which an owner or operator obtains certification for an Approved Servicing Facility. Manufacturers have no direct or indirect control over authorization of Approved Servicing Facilities.  Manufacturers cannot arbitrarily or unilaterally cause the withdrawal of an Approved Servicing Facility's approval by the Coast Guard by refusing Certification Training. Manufacturers cannot cause withdrawal of an Approved Servicing Facility's approval by the Coast Guard by refusing Certification Training in order to carry out unlawful conduct, including violation of any antitrust or unfair competition laws.

120.    46 CFR § 160.151-35 requires the manufacturer of a liferaft, like defendants Revere, RFD Ltd. and RFD Inc., to have a training program for the certification of Servicing Technicians for the Servicing of liferafts of that manufacturer's brand.  46 CFR § 160.151-39 requires the manufacturer to maintain refresher training for recertification of previously trained Servicing Technicians for that manufacturer's brand.

121.    Revere, RFD Ltd. and RFD Inc. have repeatedly failed to have a training program for the certification and recertification of Servicing Technicians for RFD/Revere Brands of liferafts, in violation of  46 CFR §§ 160.151-35 and 160.151-39, in order arbitrarily and unilaterally to cause the withdrawal of an Approved Servicing Facility's approval by the Coast Guard by refusing Certification Training.  They have failed to do so for USA Services, Sea Safe Services, Inc., Sea Safety International, Datrex and COMAR, as set out above.

122.     46 CFR §§ 160.151-39(a)(3) and 160.151-39(b)(5) require the manufacturer to issue a Certificate of Competence to each technician who has successfully completed Certification Training.

123.     RFD Ltd. and Revere have repeatedly failed to issue a Competence Certificate to Servicing Technicians who have successfully completed Certification Training, in violation of 46 CFR §§ 160.151-35 and 160.151-39.  These include Competence Certificates for Sea Safe Services, Inc., Datrex, Marine Safety and COMAR, as set out above.

**Wherefore**, plaintiffs pray judgment against defendants as set forth below.


**H.   Eighth Claim for Relief**
**(Against Revere, RFD Ltd. and RFD Inc.)**
**Federal Declaratory Judgment Act**
**(28 U.S.C. §§ 2201 et seq. and Fed. R. Civ. Proc. 57)**

124.     Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 123 inclusive, above, to the extent they are consistent with the facts alleged in this cause of action, with the same force and effect as if said paragraphs were herein set forth in full.

125.     An actual controversy has arisen and now exists between plaintiffs and defendants Revere, RFD Ltd. and RFD Inc. relating to the following: (a) the requirements for Revere, RFD Ltd. and RFD Inc. under the Coast Guard Regulations to provide, Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands of liferafts; and (b) the enforcability of Revere's Distribution Agreements and Service Station Agreements.

126.     These constitute an actual, present and ongoing controversy.  Revere has failed to provide Inspection Stickers to COMAR except on condition that they purchase other items in March 2002.  Revere, RFD Ltd. and RFD Inc. have failed to provide Certification Training for RFD/Revere Brands of liferafts in July 2004 except on the condition that the Approved Servicing Facilities purchase Recertification Supplies, OEM Parts for RFD/Revere Brands of liferafts and New Liferafts from Revere.   Revere has required in its Distribution Agreement and Service Station Agreement, on threat of withdrawing Certification Training for RFD/Revere Brands of

1  liferafts, that Approved Servicing Facilities purchase from them Recertification Supplies, OEM

2  Parts for RFD/Revere Brands of liferafts and New Liferafts.

3       127.    A declaratory judgment is necessary in that plaintiffs contend and defendants

4  Revere, RFD Ltd. and RFD Inc. deny the following: (a) that Revere and RFD Ltd. under the Coast

5  Guard Regulations are required to provide to plaintiffs and other Approved Servicing Facilities

6  with Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates

7  for RFD/Revere Brands of liferafts and not arbitrarily and unilaterally or for any illegal purpose to

8  cause the withdrawal of an Approved Servicing Facility's approval by the Coast Guard by refusing

9  them Certification Training; and  (b) that the Distribution Agreements and Service Station

10 Agreements of Revere with other Approved Servicing Facilities for RFD/Revere Brands of liferafts

11 are illegal and unenforceable.

12      128.    A declaratory judgment would be appropriate because it would serve a useful

13 purpose in clarifying and settling the legal relations at issue and because it would terminate and

14 afford relief from the uncertainty and controversy giving rise to this proceeding.  Plaintiffs have

15 joined their other claims for relief in this action with the claim for a declaratory judgment because

16 this court is best able to resolve the entire controversy, including federal and state claims.

17      **Wherefore**, plaintiffs pray judgment against defendants as set forth below.

18                          **I.    Ninth Claim for Relief**
                        **(Against Revere, RFD Ltd. and RFD Inc.)**
19                         **Violations of the Cartwright Act**
20      **(California Business & Professions Code §§ 16720, 16726 and 16727)**

21      129.    Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through

22 128 inclusive, above, to the extent they are consistent with the facts alleged in this cause of action,

23 with the same force and effect as if said paragraphs were herein set forth in full.

24      130.    Defendants Revere, RFD Ltd. and RFD Inc., and each of them combined, conspired

25 and agreed, beginning in 1992, to give to Revere exclusive control over Certification Training,

26 Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands of

27 liferafts in the United States and in California, over the selling of OEM Parts for RFD/Revere

28 Brands of liferafts in the United States and over the sale of new RFD/Revere Brands of liferafts in

the United States.  Said defendants, and each of them,  combined, conspired and agreed to allow Revere to use the exclusive control over Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands of liferafts in the United States and in California in order to force Approved Servicing Facilities to purchase from Revere their Recertification Supplies, OEM Parts for RFD/Revere Brands of liferafts and New Liferafts and in order to create exclusive Servicing areas for RFD/Revere Brands of liferafts by terminating or denying Certification Training to competitors in such areas.  Said defendants, and each of them, combined, conspired and agreed to allow Revere to obtain Distributor Agreements and Service Station Agreements from Approved Servicing Facilities for RFD/Revere Brands of liferafts which agreements carried out Revere's unlawful actions.

131.    In furtherance of their unlawful combinations, conspiracies and agreements, defendants, and each of them, have refused Certification Training, Competence Certificates, Inspection Stickers and Owner Certificates for RFD/Revere Brands of liferafts in the United States and in California to Approved Servicing Facilities and  forced Approved Servicing Facilities to purchase from Revere their Recertification Supplies, OEM Parts for RFD/Revere Brands of liferafts and New Liferafts that they would not otherwise have purchased or could have purchased at lower prices from competitors of Revere.

132.    As a direct consequence of the acts of defendants, and each of them, competition in Servicing of RFD/Revere Brands of liferafts, Recertification Supplies, OEM Parts for RFD/Revere Brands of liferafts and New Liferafts has been restrained and suppressed.   Purchasers of Servicing for RFD/Revere Brands of liferafts, Recertification Supplies, OEM Parts for RFD/Revere Brands of liferafts and New Liferafts in California have been deprived of the benefit of free competition for these products and have been forced to purchase quantities of these products from Revere that they would not otherwise have purchased.

133.    As a direct consequence of the agreements, acts, and course of conduct of defendants, and each of them, plaintiffs have been damaged by the loss of sales for Servicing of RFD/Revere Brands of liferafts, Recertification Supplies and OEM Parts for RFD/Revere Brands of liferafts and have been forced to purchase Recertification Supplies, OEM parts for RFD/Revere

Brands of liferafts and New Liferafts from Revere that they would not otherwise have purchased.

134.    The aforesaid combinations, conspiracies and agreements violate California Business & Professions Code §§ 16729, 16726 and 16727 in that they are unlawful restraints of trade, horizontal market divisions, horizontal boycotts, exclusive dealing arrangements and tying agreements.

**Wherefore**, plaintiffs pray judgment against defendants as set forth below.

**J.   Tenth Claim for Relief**
**(Against Revere)**
**Tortious Interference With Business Relations**
**(State Statutory and Common Law )**

135**.**    Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 134 inclusive, above, to the extent they are consistent with the facts alleged in this cause of action with the same force and effect as if said paragraphs were herein set forth in full.

136.    Plaintiffs had valid business relationships and definite and specific prospective advantage and expectancy with Approved Servicing Facilities for RFD/Revere Brands of liferafts. There was a reasonable probability of these business relationships of plaintiffs maturing into future economic benefits to plaintiffs by them obtaining sales of Recertification Supplies and OEM Parts for RFD/Revere Brands of liferafts to such Approved Servicing Facilities.

137.    Revere had knowledge of these business relationships and definite and specific prospective advantages and expectancies of plaintiffs.

138.    Revere had and exhibited in their actions a purposeful intent to interfere with these business relationships and definite and specific prospective advantages and expectancies of plaintiffs.

139.    These actions by Revere were independently unlawful acts in that they violated: (a) Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2; (b) the United States Coast Guard ///

Regulations at 46 CFR § 160.151-1 et seq.; (c) the Cartwright Act and (d) California Business and Professions Code § 17200, et seq.

140.     Revere's interference with  these business relationships and definite and specific prospective advantages and  expectancies of plaintiffs directly and proximately caused the impairment of plaintiffs' relationships, advantages and expectancies.

141.     As a direct and proximate cause of the impairment of plaintiffs' relationships, advantages and expectancies, plaintiffs have been damaged by the loss of sales, profits and the value of their businesses.

142.     The acts and omissions of Revere, identified above, were performed intentionally, with malice and oppression and with a conscious disregard for plaintiffs' rights.  Such conduct thus constitutes despicable conduct and plaintiffs are entitled to recover punitive damages and exemplary damages according to proof.

**Wherefore**, plaintiffs pray judgment against defendant as set forth below.

## K.  Eleventh Claim for Relief
### (Against Revere)
### Unlawful, Unfair and Fraudulent Business Acts and Practices
### (California Business & Professions Code § 17200 et seq.)

143.     Plaintiffs incorporate herein by reference the allegations of paragraphs 1 through 142 inclusive, above, to the extent they are consistent with the facts alleged in this cause of action, with the same force and effect as if said paragraphs were herein set forth in full.

144.     Revere has committed acts of unfair competition, specifically, unlawful, unfair or fraudulent business acts and practices as defined by Business and Professions Code section 17200, *et seq.*, by their conduct, as alleged above.

145.     The above actions of Revere constitute unfair business practices in the state of California.  The unfair business practices committed by Revere were committed with the intent, design, and purpose: to obtain exorbitant, supracompetitive prices for Servicing RFD/Revere Brands of liferafts, for Recertification Supplies and for OEM Parts for  RFD/Revere Brands of liferafts;  to deprive competitors of the ability to compete for customers, thereby to illegally increase the profits of Revere.

146.    The unlawful practices alleged above are continuing in nature and are widespread practices engaged in by Revere.

147.    On behalf of the general public in the state of California, plaintiffs respectfully request that an injunction against Revere issue to enjoin them from continuing to engage in the unlawful conduct and acts, and each of them, as alleged herein.

148.    On behalf of the general public in the state of California, plaintiffs respectfully request that an order issue directing Revere to disclose where the above unlawful practices were employed, with appropriate notification sent to customers who have been subjected to such unlawful practices, so as to allow a review, and re-evaluation of the status of their contracts and payments made under those contracts and of their continuing obligations under those contracts, if any.

149.    On behalf of the general public in the state of California, plaintiffs respectfully request that this Court order Revere to restore all of the monies unlawfully obtained by Revere in the form of profits and otherwise.

150.    On behalf of the general public in the state of California, plaintiffs respectfully request that this Court order any other and further equitable relief deemed necessary by the Court.

151.    Plaintiffs seek only restitution of the monies unlawfully received by Revere by way of this cause of action.  The remedies sought herein are exclusively equitable and are sought on behalf of customers of  Revere in California, of Revere competitors in California and of the general public in California who have been victimized by the unlawful practices alleged herein.

152.    Plaintiffs respectfully request an award of reasonable attorneys' fees to counsel prosecuting this action upon their prevailing in this request for equitable relief, as authorized by the California Business and Professions Code § 17200, *et seq.*

**Wherefore**, plaintiffs pray judgment against defendant as set forth below.

///

VIII.   **Prayer for Relief**

Plaintiffs respectfully request that this Court order, adjudge and decree:

1    A.    Defendants Revere's, RFD Ltd.'s and RFD Inc.'s conduct, as alleged, unlawful
2           under Section 1 of the Sherman Act (15 U.S.C. § 1);

3    B.    Defendants Revere's, RFD Ltd.'s and RFD Inc.'s conduct, as alleged, unlawful
4           under Section 2 of the Sherman Act (15 U.S.C. § 2);

5    C.    Defendants Revere's, RFD Ltd.'s and RFD Inc.'s conduct, as alleged, unlawful
6           under 46 CFR §§ 160-151-1 *et seq.*;

7    D.    Defendants Revere's, RFD Ltd.'s and RFD Inc.'s conduct, as alleged, unlawful
8           under the Cartwright Act, California Business & Professions Code §§ 16720,
9           16726-27;

10    E.    Defendant Revere's conduct, as alleged, unlawful as tortious interference with
11           plaintiffs' prospective business relations;

12    F.    Defendant Revere's conduct, as alleged, unlawful under California Business &
13           Professions Code  § 17200 *et seq.*;

14    G.    Defendants Revere, RFD Ltd. and RFD Inc. as well as their officers, agents,
15           servants employees and attorneys and those persons in active concert or
16           participation with them who shall receive actual notice of the Court's injunction, be
17           enjoined preliminarily and permanently from continued engagement in those acts,
18           forms of conduct and practices found to be unlawful;

19    H.    Defendant Revere makes restitution of the monies and property as a result of its
20           acts, forms of conduct and practices found to be illegal under California Business &
21           Professions Code § 17200 *et seq.*;

22    I.    Plaintiffs, and each of them, recover from defendants Revere, RFD Ltd. and RFD
23           Inc. threefold their actual damages sustained as a result of said defendants' federal
24           and state antitrust and unfair competition violations;

25    J.    Plaintiffs and each of them, recover from defendants Revere, RFD Ltd. and RFD
26           Inc. their costs and reasonable attorney fees as provided by the Clayton Act, the
27           Cartwright Act and the California Business and Professions Code Unfair
28           Competition Act;

1    K.      Plaintiffs and each of them, recover from defendant Revere punitive and exemplary

2            damages for tortious interference with business relations;

3    L.      Plaintiffs, and each of them, and others to whom defendants Revere, RFD Ltd. and

4            RFD Inc. are liable for restitution, recover from defendants, jointly  severally,

5            prejudgment and post-judgment interest on any award; and

6    M.      Plaintiffs, and each of them, and others who have been injured by defendants'

7            unlawful actions be awarded such other and further relief in law or in equity as the

8            Court may deem just and proper in the premises.

9

10   Dated: February 8, 2005                     HENNEFER & WOOD

11

12                                                By_____
                                                     James A. Hennefer
13                                                   Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   DEMAND FOR JURY TRIAL

2        Pursuant to the Seventh Amendment to the Constitution of the United States, Rule 38(a)

3   and (b) of the Federal Rules of Civil Procedure, and similar provisions of any state of the United

4   States that apply, plaintiffs demand a trial by jury of all issues triable of right by jury.

5

6   Dated:  February 8, 2005                    HENNEFER & WOOD

7

8                                              By   /s/ James A. Hennefer

9                                                  James A. Hennefer
                                                   Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28